CITY BANK *versus* JONATHAN NORTON *& als.*

The provisions of chapter 185, of the Acts of 1860, in relation to the disclosure of poor debtors, apply as well to one who has been released from arrest upon giving bond, as to one under actual arrest or in imprisonment.

ON FACTS AGREED.

DEBT on a poor debtor's bond. The principal was arrested on an execution in favor of the plaintiffs, and, upon giving the bond in suit, was released from arrest.

The debtor, thereupon, duly cited the creditors before two justices of the peace and of the quorum, at two several times, and submitted himself to examination, and, each time, the justices refused to administer the oath to him.

Thereupon, upon his petition to one of the Justices of the Supreme Judicial Court, a commissioner was duly appointed to take his examination and disclosure. The commissioner, after proceedings in accordance with chapter 185 of the Acts of 1860, administered to him the poor debtor's oath and gave him a certificate thereof. All these examinations and disclosures were within the six months limited in the bond.

*S. W. Luques,* for plaintiffs.

No condition of the bond has been performed. The justices refused to administer the oath.

The statute of 1860, under which the commissioner was appointed, does not apply to this case.

It applies only to a debtor who " shall twice have been re-refused a discharge from *arrest* or *imprisonment.*"

It can only be invoked by a debtor to obtain a discharge from " arrest" or " imprisonment" in *fact.*

This is the language of the statute, and the construction contended for is confirmed by the use of these terms in chapter 113, of the Revised Statutes.

*Chisholm,* for defendants.

The opinion of the Court was drawn up by

APPLETON, J.—This is an action of debt on a poor debtor's bond.

By c. 185, § 1, of the Acts of 1860, which is additional to c. 113 of the R. S., it was enacted that "any debtor who, under the provisions of said chapter (113) shall have twice been refused his discharge from an arrest or imprisonment, shall not be entitled to his discharge from such arrest or imprisonment on any further examination, excepting upon application to a Judge of the Supreme Judicial Court, who, either in vacation or term time, may, after notice to the creditor or his attorney and a hearing of the parties, if he thinks proper, appoint a commissioner to take the examination and disclosure of such debtor," &c. Under the provisions of this Act, a commissioner was appointed, an examination had and a certificate given. The debtor, who having been arrested on the execution, was released upon giving the usual bond, has taken the oath required by law, and, having obtained his certificate, claims that he is entitled to a discharge.

The question is, whether the terms arrest and imprisonment, embrace, as well those under arrest and imprisonment, as those who, having been arrested, were released from such arrest on giving bond; or, whether the statute is to be limited only to cases of actual arrest, the arrest continuing, and of imprisonment.

This Act, in its terms, is additional to R. S., 1857, c. 113. The poor debtor, enlarged on giving bond, may surrender himself. Though enlarged, on giving bond, he may yet be imprisoned under and in virtue of his original arrest.

The word "arrested," in c. 113, § 29, has been held to apply, as well to those arrested and enlarged on giving bond, as to those under actual arrest. So, in § 43, in case of failure on an application "for a discharge from arrest and imprisonment," costs are allowed. But, from an examination of that section, we think it was intended to embrace equally those who, having been arrested, have given bond, and those under

arrest. No reason is perceived for making any distinction between those under arrest and those arrested and enlarged. From the use of the same words in other parts of c. 113, we think the design of the Legislature was, that this Act should be as general as the Act to which it is additional.

*Judgment for defendants.*

TENNEY, C. J., and CUTTING, MAY, GOODENOW, and DAVIS, JJ., concurred.